UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMIEN GARCIA,

                Plaintiff,

-against-

OFFICERS BRUDER, FIGUERAOA, MURPHY, ORANGE COUNTY CORRECTIONAL OFFICERS; ORANGE COUNTY LAW ENFORCEMENT,

                Defendants.

22-CV-2800 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

    Plaintiff, who is currently detained at the Orange County Jail ("OCJ"), brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants used excessive force against him at the OCJ. Plaintiff names as Defendants Correction Officers Bruder and Figueroa, Sergeant Murphy, and "Orange County Law Enforcement." By order dated May 18, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

    For the reasons set forth below, the Court dismisses Orange County Law Enforcement because it is a non-suable entity and adds Orange County as a defendant under Rule 21 of the Federal Rules of Civil Procedure. The Court also directs service on Bruder, Figueroa, Murphy, and Orange County.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

A.  **Orange County Law Enforcement**

Plaintiff's claims against the Orange County Law Enforcement must be dismissed because city agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against Orange County, the Court construes the complaint as asserting claims against Orange County, and directs the Clerk of Court to amend the caption of this action to replace the Orange County Law Enforcement with Orange County. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Orange County may wish to assert.

B.   **Service on Bruder, Murphy, Figueroa, and Orange County**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff.

The Court dismisses Plaintiff's claims against Orange County Law Enforcement for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) The Clerk of Court is directed to add Orange County as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is instructed to issue summonses for Defendants Bruder, Murphy, Figueroa, and Orange County, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 20, 2022
        White Plains, New York

                                                    CATHY SEIBEL
                                                    United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Officer Bruder, ERT Leader
   Orange County Jail
   110 Wells Farm Rd.
   Goshen, NY 10924

2. Officer Murphy
   Orange County Jail
   110 Wells Farm Rd.
   Goshen, NY 10924

3. Sergeant Figueroa
   Orange County Jail
   110 Wells Farm Rd.
   Goshen, NY 10924

4. Orange County
   Orange County Attorney
   255-275 Main Street
   Goshen, New York  10924